Emma R. Richards et al., Appellants, v. North Henderson Grain Company et al., Appellees.

Gen. No. 9,585.

Opinion filed February 14, 1941.

Woolsey, Stickney & Lucas and E. D. Hardy, both of Galesburg, and Hebel & Hebel, of Aledo, for appellants.

Nelson & Gustafson, of Galesburg, for appellees.

Mr. Justice Huffman delivered the opinion of the court.

This is a suit by appellants against certain of appellees to recover for corn placed for storage in the elevator of the North Henderson Grain Company, a corporation. Appellee defendants concerned with this appeal are directors of said corporation.

The complaint alleged that the several appellants delivered corn for storage to the elevator as above indicated and that it was delivered for storage only and subject to the demand of appellants. It is further alleged that for a number of years prior to the time appellants so delivered their corn, the defendant corporation was insolvent and without funds with which to conduct its business and that its officers and directors (appellees herein) were fully aware of the insolvency of said corporation; that for a number of years prior to the time involved in this case, it had been the habit and custom of the corporation to fraudulently and unlawfully sell corn and other grain which had been stored with it, and with the proceeds of such wrongful sales the corporation carried on its business; that none of the officers and directors of the corporation, although knowing of the above practice, made any objection thereto and permitted such improper and unlawful selling of grain to which they had no title, and the use of such funds in the operation of its business; that such officers and directors acquiesced in the continuance of this practice, permitting grain to be illegally sold and the proceeds therefrom placed with the assets of the corporation and used in the general conduct of its business. It is alleged that the corn delivered for storage by appellants was sold by the corporation without the knowledge or permission of appellants and the proceeds therefrom fraudulently appropriated by the corporation. Gross mismanagement as well as misfeasance and negligence was charged against appellees in the operation of the corporation as directors and offi-

cers thereof, in that they permitted and acquiesced in the above conduct. Other allegations appear relative to certain portions of the by-laws of the corporation with respect to the conduct of its business and the duties of the officers and directors, which were alleged to have been ignored by appellees. It was alleged by appellants that they had requested and demanded the redelivery of their corn, as provided by the contract, or that they be paid therefor at the market price at the time delivery was requested, all of which the defendants below failed and refused to do.

Appellee directors filed their motion to dismiss the complaint, which motion was in the nature of a general demurrer. The court sustained the motion to dismiss. Appellants elected to stand by the complaint, whereupon the court entered judgment for appellee directors. It is from the judgment of the court in this respect that this appeal is prosecuted. Appellants in said action obtained verdict against the corporation for $7,382, upon which judgment was rendered. No appeal is prosecuted from that judgment.

The question before this court in this appeal is whether the complaint stated a sufficient cause of action to have required the appellees to make answer thereto. While the court will not draw improbable deductions from the allegations of a complaint, yet it is disposed to give the same a reasonable construction. The fair import of the statements of the complaint in this case disclose that the negligent and wrongful acts complained of were a part of a system which had long been practiced; that they resulted from the insolvency of the corporation and the necessity that it secure cash assets in some manner to carry on its business; and that the appellee directors and officers knew of and acquiesced in such practice in the management of the elevator. Under such circumstances, the acts complained of not being merely isolated acts but pursuant to a practice that is alleged to have been engaged in

by appellees over a period of years, the presumption is that the officers and directors would have discovered the wrongdoing if they had been reasonably diligent, and under such circumstances, if there was a lack of knowledge on their part, it would present a case of gross negligence unless properly explained. The misconduct charged in this complaint appears to have been so manifest, due to the fact that it is alleged to have been necessary in order for the corporation to have sufficient cash funds with which to continue in business, that it is not easy to imagine how the directors and officers could remain in charge of the business affairs thereof without being cognizant of the financial condition of the corporation and of its misconduct complained of.

The judgment is therefore reversed and the cause remanded with directions that the trial court overrule appellees' motion to dismiss the complaint.

*Reversed and remanded with directions.*